**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Daniel Lee Lard, Appellant.

Appellate Case No. 2015-001940

---

Appeal From Aiken County
Tanya A. Gee, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-326
Submitted June 1, 2017 – Filed August 2, 2017

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000) ("When reviewing the denial of a motion for directed verdict or JNOV, this [c]ourt must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *In re Taft*, 413 S.C. 16, 22, 774 S.E.2d 462, 465 (2015) ("In considering a directed verdict motion, the trial court is concerned with the existence or nonexistence of

evidence, not its weight."); *State v. McKnight*, 352 S.C. 635, 642, 576 S.E.2d 168, 171 (2003) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *Welch*, 342 S.C. at 300, 536 S.E.2d at 418 ("This [c]ourt will reverse the trial court only when there is no evidence to support the ruling below."); *id.* at 300, 536 S.E.2d at 419 ("When considering directed verdict and JNOV motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); S.C. Code Ann. § 44-48-30(1) (Supp. 2016) (defining a sexually violent predator as a person who "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); S.C. Code Ann. § 44-48-30(9) (Supp. 2016) (explaining a person is "likely to engage in acts of sexual violence" if his "propensity to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] To the extent Lard argues his diagnosis was insufficient for commitment under the Sexually Violent Predator Act, we find that argument is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.